## PARKER v. SHERWOOD, GILBERT & CO.

(Supreme Court, Trial Term, Allegany County.     October, 1910.)

1. DAMAGES (§ 174*)—FIRES—EVIDENCE—INJURY TO TREES—ADMISSIBILITY.
   Although, in an action for damages to a farm caused by fire, the measure of damages was the difference in the value of the farm before and after the fire, yet evidence of the value of slightly damaged trees before and after the fire was admissible to show the extent of the injury to the living trees.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. § 464; Dec. Dig. § 174.*]

2. APPEAL AND ERROR (§ 1053*)—ADMISSION OF EVIDENCE—HARMLESS ERROR.
   Where the charge, in an action for damages to a farm by fire, repeatedly and expressly told the jury that the measure of damages was the difference in the value of the farm before and after the fire, the error, if any, of admitting evidence of the value of trees destroyed, could not have misled the jury, and was therefore not prejudicial.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

Action by Charles R. Parker against Sherwood, Gilbert & Co. On motion for a new trial. Motion denied.

A. P. McIntosh, for the motion.
D. D. Dickson, opposed.

BROWN, J. Plaintiff complained of defendant's negligence in starting fires, which ran over plaintiff's farm, destroying standing timber and fences. Upon the trial plaintiff gave evidence tending to prove his damage to consist of the difference in value of his farm before and after the fire. Upon cross-examination of one of plaintiff's witnesses, he gave the items constituting the difference in value of the farm, stating that 28,000 feet of timber was destroyed. He was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

asked the value of this timber, which question was objected to as not being the proper measure of damages. The objection was overruled, and witness answered, "$12 per thousand on the stump." Another of plaintiff's witnesses stated on direct examination that he found 471 trees burned more or less. On his cross-examination he was permitted to state, over plaintiff's objection, that there were 30,000 to 35,000 feet in the burned trees, worth about $10 per thousand. One witness for defendant was permitted to state, over plaintiff's objection, that the value of the timber before the fire was $25, and after the fire was $15. Defendant also gave evidence tending to prove that the value of the farm before the fire was $20 to $25 an acre, and that it was worth $25 less after the fire. The jury rendered a verdict in favor of the plaintiff for $30.

It is urged upon this motion that the reception of evidence of the value of timber destroyed was such error that the verdict must be set aside. It is very evident from the proceedings on the trial that the testimony as to the value of timber destroyed was received for the sole purpose of permitting the plaintiff's witnesses to itemize the damage that they had considered in reaching a conclusion as to the difference in value of plaintiff's farm. When the defendant's witnesses testified that, instead of 400 or 500 trees being destroyed, there were only 5 or 6 trees destroyed, and about 30 that had been slightly burned, but were living trees two years after the fire, it was not error to receive evidence of the value of such trees before and after injury, not as the measure of plaintiff's damages, but as explanatory of the character and extent of the injury to the living trees, etc. The jury was plainly told that the measure of damages to the plaintiff was the difference in value of his farm before and after the fire. The jury was charged:

"The plaintiff contends that this fire ran over his land to the east and the west of the right of way, destroying and injuring hundreds of trees, injuring and destroying 60 or 80 rods of fence, and depreciating the value of his farm from $300 to $500."

"You can see that it is very important to know, in view of the plaintiff's claim, consisting of damage to trees and to fences, very important to know, how many trees were in fact injured; what was their condition and character; what was the probability of their amounting to substantial value by being of use as a part of the farm."

"Upon the theory of the defendant, the number of the trees and their character and size being relatively so small, and their value as standing timber being quite insignificant, comparatively of little amount, you can see that it would be unjust, would be unfair, would be wrong, to permit the plaintiff to recover the difference in value between the farm before the fire and after the fire, upon the assumption that he had lost 475 trees, when, if the defendant is right about it, the damage has been substantially of little amount, comparatively. If it be true that these trees are only few in number that have been injured, that must make a great difference in the damage claimed by plaintiff. The difference of the value of his farm before and after the fire is based, as stated by his witnesses, upon the fact that there were 300 to 475 trees destroyed or injured. The defendants base their claim of no substantial injury or damage by reason of these fires, if they were responsible for them, upon the testimony that in fact there were very few trees that were injured, and that the value of the trees, the value of the farm as testified to by witnesses for the defendant, has not been depreciated by reason of the fire to exceed $25."

"From all the evidence that has been given to you as to the injury to plaintiff's land, the damages for injuries to his trees and damage for the injury or destruction of his fences, you are to determine what in fact has been the depreciation of the value of the farm by the negligence of the defendants."

"If the plaintiff has carried the burden of establishing that the defendants were careless," etc., "then the plaintiff is entitled to recover from the defendants such damages as he has proved to your satisfaction by a preponderance of the evidence, to be measured by the difference in value of his farm."

The foregoing extracts from the charge to the jury contain all the instructions given to it relative to its duty in ascertaining the amount of plaintiff's damages. It seems so clear that the only measure of damages that could have been adopted by the jury was the difference in value of the plaintiff's farm that it cannot be said that the damages that were awarded were based upon the value of the trees destroyed or injured. Whatever may be said as to the competency of the evidence of the value of the trees, it is certain that such evidence could not have been prejudicial to the plaintiff, in view of the charge to the jury.

Motion for new trial denied.